1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DUANE HOLLOWAY,                        No. CIV S-05-2089-FCD-CMK

12                 Petitioner,              DEATH PENALTY CASE

13         vs.                              <u>ORDER</u>

14   ROBERT WONG,[1] Acting Warden,

15                 Respondent.

16   _____/

17            Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Pending before the court is petitioner's motion for

19   equitable tolling of the statute of limitations (Doc. 10), filed on March 14, 2006.  Respondent

20   filed an opposition (Doc. 14) on April 12, 2006, and petitioner filed a reply (Doc. 18) on April

21   19, 2006.  The matter came on for hearing before the undersigned.  Both parties appeared

22   ─────────────────────

23            [1]     Pursuant to Federal Rule of Civil Procedure 25(d), Robert Wong is substituted for
     his predecessor.  The Clerk of the Court is directed to update the docket to reflect the above
     caption.

24
            [2]     To the extent the court's orders issued on March 15, 2006 (Doc. 11), March 28,
25   2006 (Doc. 12), March 30, 2006 (Doc. 13), and April 14, 2006 (Doc. 17), imply that a petition
     has been filed by stating that petitioner "brings this petition," the court now clarifies that no
26   petition has yet been filed.

                                              1

1  through their respective counsel and, after hearing argument, the matter was submitted.

2  Petitioner's budget requests will be addressed by separate order filed under seal.

3        The parties agree on the relevant procedural facts.  In particular, the parties agree

4  that the statute of limitations imposed by 28 U.S.C. § 2244(d)(1) expires on July 27, 2006.  The

5  parties also agree that the statute of limitations is subject to equitable tolling under Calderon v.

6  United States Dist. Ct. (Beeler), 128 F.3d 1283 (9th Cir. 1997), overruled in part on other

7  grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

8  The parties, however, disagree on the following issues: (1) whether this court has jurisdiction to

9  enter an order equitably tolling the statute of limitations given that no petition under § 2254 has

10  been filed; and (2) assuming this court has jurisdiction, whether petitioner has demonstrated that

11  equitable tolling is warranted in this case.

12        The threshold question is whether this court has jurisdiction to entertain the

13  instant motion.  Respondent cites Woodford v. Garceau, 538 U.S. 202 (2003), and Beeler for the

14  proposition that there is no justiciable case or controversy until a § 2254 petition has been filed

15  and concludes that, because no petition has been filed in this case, petitioner's motion seeks an

16  improper advisory opinion.  The court finds that respondent's argument reads Beeler and

17  Garceau too broadly.

18        In Beeler, the Ninth Circuit declined to issue a writ of mandamus directing the

19  district court to reverse an order granting pre-petition equitable tolling.  The court first observed

20  that, under Lindh v. Murphy, 521 U.S. 320 (1997), the limitation period imposed by § 2244(d)(1)

21  is inapplicable to cases that were not pending in federal court as of April 24, 1996 – the date the

22  statute became effective.  See Beeler, 128 F.3d at 1287.  In deciding whether § 2244(d)(1)

23  applied, the Ninth Circuit held that a federal habeas case is not pending until a petition is

24  actually filed.  See id.  A year later, the Ninth Circuit changed course and held in Kelly that, in a

25  capital case, the filing of an application for appointment of counsel and stay of execution is

26  sufficient to commence a case in the district court.  See Kelly, 163 F.3d at 540.  The Supreme

1   Court settled the issue in <u>Garceau</u>, holding that a case is pending for purposes of the <u>Lindh</u> rule

2   only upon the filing of a § 2254 petition in district court.  <u>See</u> <u>Garceau</u>, 538 U.S. at 210.

3           Neither <u>Kelly</u> nor <u>Garceau</u> affected the remainder of the <u>Beeler</u> decision, in which

4   the Ninth Circuit declined to reverse a pre-petition order granting equitable tolling in a capital

5   case.  Specifically, the Ninth Circuit noted that the statute of limitations is not jurisdictional and

6   was, therefore, subject to traditional equitable tolling principles.  <u>See</u> <u>Beeler</u>, 128 F.3d at 1288.

7   It is important to remember that <u>Beeler</u> was presented to the Ninth Circuit as a mandamus

8   petition. Mandamus relief would have been appropriate had the district court acted outside its

9   jurisdiction in granting equitable tolling.  <u>See</u> <u>Bauman v. United States Dist. Ct.</u>, 557 F.2d 650

10  (9th Cir 1977).  If the Ninth Circuit in <u>Beeler</u> had not accepted the district court's jurisdiction to

11  grant pre-petition equitable tolling, it would have granted mandamus relief.  Because it did not,

12  the court is satisfied that the law in this circuit allows the district court to entertain a pre-petition

13  motion for equitable tolling.[3]

14          Finally, the language used by the court in <u>Beeler</u> reveals that the Ninth Circuit

15  approved of pre-petition equitable tolling.  In stating the rule for equitable tolling, the court

16  noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only

17  be granted if 'extraordinary circumstances' beyond a prisoner's control <u>make</u> it impossible to file

18  a petition on time."  <u>Beeler</u>, 128 F.3d at 1288-89 (citing <u>Alvarez-Machain v. United States</u>, 107

19  F.3d 696, 701 (9th Cir. 1997)) (emphasis added).  Contrary to the argument advanced by

20  respondent, the use of the word "make" indicates that the inquiry can take place before the

21  petition is late.

22  _____

23          [3]     The rule advanced by respondent – that the district court lacks jurisdiction until a
petition is filed – would lead to the result that every order this court has issued to date in this
case is a nullity for want of jurisdiction.  Yet, despite raising the argument in opposition to this

24  motion, respondent has not raised the argument as to any other instance where the court has
exercised jurisdiction in this case.  Respondent's rule would also require – in every capital case –

25  that the petitioner file a pro se petition just to be able to ask for in forma pauperis status,
appointment of counsel, and a stay of execution.  This would only serve to confuse and draw out

26  already complicated and lengthy litigation.

1    Having concluded that this court may entertain a pre-petition motion for equitable

2    tolling, the question is whether petitioner has demonstrated that such relief is warranted in this

3    case.  The statute of limitations may be equitably tolled where the petitioner demonstrates that he

4    cannot file the petition on time because of the existence of extraordinary circumstances beyond

5    his control.  See id.

6    In Beeler, a capital case, the district court appointed two attorneys – Scott Braden

7    and Karen Schryver – as co-counsel for the petitioner and directed that a petition be filed by

8    March 25, 1997.  See id. at 1285.  Before the petition was prepared, Braden was granted leave to

9    withdraw due to a move to Oklahoma, and Schryver was made lead counsel.  See id.  A third

10   attorney – Richard Neuhoff – was appointed as second counsel.  See id.  On February 3, 1997,

11   Beeler's attorneys requested equitable tolling of the statute of limitations.  See id.  The district

12   court granted the requested and extended the deadline for filing the petition to October 13, 1997.

13   See id.  In denying the respondent's petition for mandamus relief, the Ninth Circuit addressed

14   the district court's decision to grant equitable tolling as follows:

15           Having decided that [the statute of limitations] can be tolled, we
        have no basis for upsetting the district court's decision to allow Beeler
16      more time to file his petition.  The district court found that Beeler's lead
        counsel, Scott Braden, had diligently pursued the preparation of Beeler's
17      petition.  Braden, however, withdrew after accepting employment in
        another state, and much of the work product he left behind was not usable
18      by replacement counsel – a turn of events over which Beeler had no
        control There were thus "extraordinary circumstances" which justified
19      tolling [the] statute of limitations.  Id. at 1289.

20   In Kelly, also a capital case, the Ninth Circuit denied mandamus relief and held that equitable

21   tolling was appropriate because:

22           [A]s part of its order that Kelly be mentally evaluated, the district court
        ordered "that all other aspects of this case be, and hereby are, stayed
23      pending final determination by this Court of the Petitioner's mental
        capacity to proceed."  The only reasonable reading of this order was that it
24      prohibited Kelly's attorney's from filing a habeas petition, which is how
        the district court itself construed it. . . .  This stay of the proceedings
25      prevented Kelly's counsel from filing a habeas petition and, in itself,
        justifies equitable tolling.  Id. at 541.

26

4

1    In this case, petitioner primarily asserts that difficulty in appointing counsel

2  constitutes exceptional circumstances warranting equitable tolling.  Petitioner states that he

3  completed the paperwork necessary to request appointment of counsel on August 15, 2005, but

4  that counsel was not appointed until January 18, 2006.  Petitioner states that staffing problems

5  within the Capital Habeas Unit of the Federal Public Defender's Office prevented that office

6  from accepting the case any earlier.  Through the instant motion, petitioner seeks to recapture

7  these lost five months.

8    Petitioner cites a recent decision in <u>Koontz v. Goughnour</u>, No. CIV S-03-1613-

9  FCD-GGH.  In that case, relying on <u>Kelly</u>, the court found that equitable tolling was appropriate

10  based primarily on concerns over the petitioner's competency.  As an additional reason, the court

11  noted the delay between the time the petitioner submitted his request for appointment of counsel

12  and the court's order appointing counsel.  Unlike <u>Koontz</u>, however, this case does not involve a

13  competency issue.

14    As to the delay in appointing counsel, the court notes that petitioner's request for

15  appointment of counsel was filed on October 19, 2005 – more than two months after petitioner

16  states he completed the necessary paperwork.  Petitioner offers no explanation for this delay.

17  Further, this case is unlike <u>Beeler</u>, where the petitioner's lead counsel had diligently worked

18  toward preparing a petition, but withdrew without leaving any usable work product.  Here, based

19  on the declarations submitted by petitioner's counsel, there is no indication that any significant

20  work has been done toward preparing the petition.  In fact, it is clear from the declarations that

21  no work began until, at the earliest, December 27, 2005.

22    Petitioner also cites staffing problems within the Capital Habeas Unit as an

23  exceptional circumstance.  In particular, petitioner states that his appointment of counsel papers

24  were filed on October 19, 2005, but that the Capital Habeas Unit was not able to inform the court

25  that it would accept the case until December 12, 2005.  Petitioner states that the Capital Habeas

26  Unit could not start working on the case until current counsel – Harry Simon – had joined the

office on December 27, 2005.  However, there is no explanation as to why this problem was not reported to the court prior to mid-December 2005.  Between October 19, 2005, and December 12, 2005, almost two months passed during which the Capital Habeas Unit knew it would not be able to work on the case, but did not communicate with the court.

Even assuming that all the circumstances cited by petitioner in his papers are indeed exceptional and beyond his control, the court is not persuaded that they render it impossible for him to file a timely petition.  At best, they render it difficult, but not impossible, to file on time.  In this regard, the instant case is distinguishable from Beeler, where the petitioner had demonstrated that diligent petition preparation had occurred before his counsel withdrew, and Kelly and Koontz, which both involved threshold competency issues.

At the hearing on this motion, however, petitioner's second counsel stated that he had been instructed by the judge considering his budget request not to engage in substantive work on the case until a budget had been approved, which did not occur until February 27, 2006. This alone does not adequately explain why the Federal Public Defender – as petitioner's lead counsel appointed on January 18, 2006 – could not have commenced work on the petition before appointment of second counsel and related budget issues were resolved.  The court finds, however, that it does constitute an exceptional circumstance in this case justifying some amount of equitable tolling.  In reaching this conclusion the court makes clear that, absent the instruction from the prior judge, the facts of this case would not warrant equitable tolling.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.   Petitioner's motion for equitable tolling is granted, in part;

3   2.   The statute of limitations imposed by 28 U.S.C. § 2244(d)(1) is equitably

4   tolled; and

5   3.   Petitioner shall file his petition on or before September 29, 2006.

6

7   DATED:   June 12, 2006

8

9   CRAIG M. KELLISON
10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7