IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE HOLLOWAY,

    Petitioner,  No. CIV S-05-2089 FCD EFB P

  vs.  DEATH PENALTY CASE

ROBERT WONG, Acting Warden,  ORDER

    Respondent.

_____/

       Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came on for hearing on petitioner's motion to stay and hold in abeyance proceedings on his federal habeas petition pending resolution of state court proceedings. Harry Simon, Federal Public Defender, and Mark D. Greenberg appeared as counsel for petitioner. Barton Bowers, Deputy Attorney General, appeared as counsel for respondent. The court heard argument from both parties.

       Counsel for petitioner argues that because federal funding made possible a more thorough investigation, leading to additional claims that petitioner now seeks leave to exhaust in state court, a second state habeas has been filed raising claims not previously litigated in state court. Petitioner also argued that state habeas counsel rendered ineffective assistance by failing to properly construe the law as to one of petitioner's potentially meritorious claims. Therefore,

an ineffective assistance of state habeas counsel claim is being presented to the state court in this recently filed petition.

Counsel for respondent argued that petitioner did not state with any particularity how the disparity between state and federal investigative funding was inadequate, and that petitioner's claim of ineffective assistance of counsel was based on very general allegations.

While respondent's argument is not without some merit, strong interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. *Rose v. Lundy*, 455 U.S. 509 (1982). California's indeterminate timeliness rule obscures the nexus between the statutes of limitation in state and federal habeas proceedings. The issue whether petitioner's second state habeas petition is timely filed is a matter for the state court to decide. Therefore, the state court will have the first opportunity to pass upon the claims contained therein.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 29, 2006, motion to stay and hold in abeyance the petition filed in this case pending resolution of state court proceedings is granted.

2. Petitioner shall notify the court and respondents forthwith upon completion of the state proceedings.

3. If the state proceedings have not concluded within six months of the date this order is signed, petitioner shall file and serve a written status report.

DATED: November 13, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE