IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE HOLLOWAY,

    Petitioner,                                    No. CIV S-05-2089 KJM EFB P

    vs.                                              **DEATH PENALTY CASE**

WARDEN, San Quentin State Prison,

    Respondent.                                ORDER

_____/

       On November 13, 2009, following a status conference with the parties where it was determined that procedural issues should be resolved prior to merits briefing, the undersigned ordered respondent to file a motion for summary judgment on the issue of procedural default. Dckt. No. 49. The motion for summary judgment,[1] filed April 29, 2010, precedes both *Walker v. Martin*, 131 S. Ct. 1120 (Feb. 23, 2011) and *Cullen v. Pinholster*, 131 S. Ct. 1388 (Apr. 4, 2011).[2] Dckt. No. 56. Respondent's motion is scheduled for hearing on November 16, 2011. As discussed below, it appears that in light of *Pinholster*, the court must first conduct the required

---

[1] Respondent's motion, as modified by the reply brief, argues that 42 claims or sub-claims, are barred by California's procedural bars for untimeliness, successive petitions, failure to raise on appeal, and failure to object at trial. Dckt. Nos. 56, 73.

[2] In accordance with the court's May 3, 2011 order, the parties have briefed what impact, if any, the Supreme Court's opinion in *Pinholster* has on this case. Dckt. Nos. 68, 70, 72, 75.

1

analysis under 28 U.S.C. § 2254(d) before ruling on the procedural default issues raised in respondent's motion.

As noted in respondent's *Pinholster* brief, the California Supreme Court denied each of petitioner's claims on the merits. Dckt. No. 72 at 3-17. Where a federal habeas petition includes a claim that has been "adjudicated on the merits in State court proceedings," that petition "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Where a petitioner cannot satisfy the requirements of section 2254(d), the habeas "analysis is at an end" and "a writ of habeas corpus 'shall not be granted.'" *Pinholster*, 131 S. Ct. at 1411 n.20 (quoting 28 U.S.C. § 2254(d)). In *Pinholster*, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. The *Pinholster* Court acknowledged that section 2254(d)(2), by its own terms, is also "plainly limited to the state-court record." *Id.* at 1400 n.7.

In the pending motion for summary judgment, respondent contends that some of petitioner's claims are procedurally defaulted. A claim is procedurally defaulted if "the petitioner failed to follow applicable state procedural rules in raising [it]." *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). "A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindler*, 130 S. Ct. 612, 614 (2009) (internal quotation omitted). An independent and adequate state procedural ground bars federal habeas review absent a showing of cause for the default and prejudice for the alleged violation of federal law, or that failure to consider the claim will result in a fundamental

2

miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Ninth Circuit Court of Appeals has found that California's timeliness requirement is an independent state procedural ground. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). Before *Walker*, it was not clear whether California's timeliness requirement was also an adequate state procedural ground to bar federal review. *See Townsend v. Knowles*, 562 F.3d 1200, 1208 (9th Cir. 2009) (finding government "failed to meet its burden of proving that California's timeliness bar was sufficiently clear and certain to be an adequate state bar"). In *Walker*, however, the Supreme Court stated that "seeming inconsistencies" in the application of state procedural rules do not render those rules inadequate. 131 S. Ct. at 1130. *Walker* also warned that "federal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights." *Id.*

In his 78-page opposition to respondent's motion, filed after the *Walker* decision, petitioner argues that California's procedural bars are not adequate because they serve only to impede federal review. Dckt. No. 69 at 20-25. Petitioner also argues there is a potential basis for finding cause and prejudice as to all of the claims respondent contends are defaulted. *Id.* at 51-56. Petitioner contends the cause and prejudice is the result of ineffective assistance of state trial, appellate and post-conviction counsel, issues which are independently raised or otherwise related to claims in the petition. Petitioner also argues that there is a potential basis for finding that dismissal of petitioner's claims as procedurally defaulted would result in a miscarriage of justice in light of "new guilt phase evidence." *Id.* at 58-61. Because resolution of these issues is intertwined with the merits of petitioner's claims, and may require an evidentiary hearing, petitioner asks that the court defer resolution of these issues until briefing on the merits.[3] *Id.* at 49-50.

---

[3] Respondent opposes this request on the ground that petitioner has not sufficiently demonstrated cause and prejudice or a miscarriage of justice, but cites to no authority requiring that petitioner do so at this stage in the proceedings. *See* Dckt. No. 73 at 12-15.

Given *Pinholster*'s limitations on this court's section 2254(d) analysis, it appears that resolution of the procedural default issues may require unnecessary development of facts beyond the state court record. Resolution of the procedural default issues may also require a merits analysis of some of the claims raised in the petition, an analysis that would be rendered unnecessary should petitioner be unable to satisfy section 2254(d) as to those claims. Given the complexity of the law regarding procedural default, coupled with the likelihood that any cause and prejudice or miscarriage of justice analysis will involve the merits of petitioner's claims and factual development of the record, it appears to the undersigned that analysis under section 2254(d) must precede any procedural default analysis. *See Lambrix v. Singletary*, 520 U.S. 518, 524 (1997) (where it is easier to resolve a petitioner's claims on the merits, the interests of judicial economy counsel against deciding the often more complicated issue of procedural default).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The November 16, 2011 hearing on respondent's motion for summary judgment is vacated.

2. The parties shall meet and confer regarding a proposed schedule for resolution of the section 2254(d) standards, respondent's motion for summary judgment, any other contemplated motions (i.e., discovery, evidentiary hearing), and the merits of petitioner's claims. On or before December 2, 2011, the parties shall file a joint statement addressing these issues. Regardless of whether the parties agree that the section 2254(d) issues shall be addressed before resolution of respondent's motion for summary judgment, they shall propose a briefing schedule for doing so. To the extent the parties cannot agree on a joint statement, they shall file separate statements.

3. Upon reviewing the parties' statement(s), the court will issue an amended schedule for these proceedings.

DATED: November 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4