UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE HOLLOWAY, | No. 2:05-cv-02089-DJC-JDP |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| MICHAEL MARTEL, | |
| Respondent. | |

Petitioner Duane Holloway is a California state prisoner under sentence of death. Petitioner was convicted and sentenced to death in 1992 during a retrial after his initial conviction and sentence were reversed due to juror misconduct. Petitioner filed the present Petition for Writ of Habeas Corpus in 2006, and the action was stayed until 2009.

Presently before the Court is Magistrate Judge Jeremy D. Peterson's Findings and Recommendations on Respondent's Motion for Summary Judgment. (F&Rs (ECF No. 100).) Respondents' Motion seeks judgment based on the procedural default of several of Petitioner's claims. (ECF No. 56.) Judge Peterson initially issued Findings and Recommendations on January 31, 2024. (ECF No. 94.) After Petitioner filed Objections, Judge Peterson vacated the original Findings and Recommendations. (ECF No. 99.) Judge Peterson issued new Findings and Recommendations on July 31,

1

2024. It is these Findings and Recommendations that are presently before the Court. (*See* F&Rs.)

The Findings and Recommendations were served on all parties and contained a notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days. (*Id.* at 43.) No objections were filed by either party. As such, the Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The Magistrate Judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the Court finds the Findings and Recommendations to be supported by the record and by the proper analysis.[1]

## BACKGROUND

In 1992, Petitioner Duane Holloway was convicted of the first-degree murders of Diane Pencin and Debra Cimmino. (LD 1 at 963, 966.) The jury found true special circumstances for murder during the commission of a burglary, murder during the commission of attempted rape, and the commission of multiple first-degree murders. (*Id.* at 965, 967, 970.) During the penalty phase of the trial, the jury unanimously found in favor of imposing the death penalty. (*Id.* at 1108.) Petitioner was sentenced to death. (*Id.* at 1230.)

Petitioner filed a direct appeal of that decision. The California Supreme Court upheld the conviction and sentence in 2004, and the United States Supreme Court denied Petitioner's petition for writ of certiorari. (LD 24; LD 37.) Petitioner then sought state habeas review. Petitioner's first state habeas petition was denied in 2003.

---

[1] The Court adopts the Findings and Recommendations in full. The Court includes further discussion only to emphasize additional support for why, on de novo review of the conclusions of law, the Court finds Judge Peterson's analysis to be correct.

(LD 34.) Petitioner filed a second state habeas petition, which was denied in 2009. (LD 40.)

The present habeas action was initiated in 2005 with the current operative Petition for Writ of Habeas Corpus filed in 2006. (See ECF No. 1; Pet. (ECF No. 29).) The Court stayed this action until Petitioner's second state habeas proceedings were completed in 2009. (ECF Nos. 36, 47.) With the stay of this action lifted, Respondent filed the present Motion for Summary Judgment in which Respondent argues that many of Petitioner's claims are procedurally defaulted via California's procedural bars. (Mot. (ECF No. 56).) Petitioner filed an Opposition on May 24, 2011, though the Court permitted Petitioner to later file a Revised Opposition on May 10, 2012. (*See* ECF No. 69; Opp'n[2] (ECF No. 85).) Respondent's Reply remains their original Reply. (Reply (ECF No. 73).) On July 31, 2024, Judge Peterson issued new Findings and Recommendations addressing the Objections filed by Petitioner. The time for Objections to the new Findings and Recommendations has now passed with no party filing Objections. Judge Peterson's Findings and Recommendation on Respondent's Motion for Summary Judgment is now ready for the Court's review.

## DISCUSSION

**I. Independence and Adequacy of California Procedural Bars**

For a federal court to apply a state procedural bar to federal law claims, the decision of the state court must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The former requirement – that the state law ground is independent of the federal question – is not met if the basis for the state decision "rest[s] primarily on federal law, or [is] interwoven with the federal law." *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011) (internal citations and quotation marks omitted) (quoting *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003)); *see Michigan*

---

[2] As the Court cites only to arguments raised in the Revised Opposition, the Court uses the name "Opp'n" to refer to the Revised Opposition.

*v. Long*, 463 U.S. 1032, 1040–41 (1983).  The latter requirement – that the state law ground is adequate to support the judgment – mandates that the rule was "firmly established and regularly followed."  *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal citations and quotation omitted).

### A. Timeliness, Successor, and *Dixon* Bars

California state law procedurally bars habeas petition claims that are not timely raised (the timeliness bar), could have been raised in a prior petition for writ of habeas corpus but were not (the successor[3] bar), and could have been raised on direct appeal but were not (the *Dixon* bar).  *In re Clark*, 5 Cal. 4th 750, 767, 782-87 (1993); *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Dixon,* 41 Cal. 2d 756, 759 (1953).  In the Findings and Recommendations, Judge Peterson determined that California's timeliness, successor, and *Dixon* bars applied to several of Petitioner's claims were all both "independent of the federal question and adequate to support the judgment." (F&Rs at 6 (quoting *Coleman*, 501 U.S. at 729).)  Judge Peterson's decisions on these questions are well-reasoned and correct as to each bar.

#### 1. Timeliness Bar

Under the binding Ninth Circuit precedent of *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), after the California Supreme Court's decision in *In re Robbins,* 18 Cal. 4th 770 (1998), it is clear that California's timeliness bar is independent of any federal question.  *Bennett*, 322 F.3d at 582–83.  The Supreme Court has previously held that this procedural bar is also adequate within the meaning of *Coleman*.  *Walker v. Martin*, 562 U.S. 307, 317–21 (2011).  The finding that the timeliness bar is both independent and adequate is also consistent with the holding of other district courts in California.  *See, e.g.*, *Reno v. Davis,* No. 96-cv-02768-CBM, 2017 WL 4863071, at *4–5 (C.D. Cal.

---

[3] In the Findings and Recommendations, Judge Peterson uses the term "successor bar" to describe the procedural bar applied to successive habeas petitions, reflecting terminology used in the parties' briefing.  This does not appear to be a widely used term for this procedural bar, with "successiveness bar," "successive bar," or "successive petition bar" being more commonly used labels.  Nonetheless, the Court continues to use the term "successor bar" here for purposes of consistency and clarity between the parties' briefing, the Findings and Recommendations, and this Order.

Aug. 15, 2017); *Johnson v. Chappell*, No. 95-cv-00305-THE, 2014 WL 1921758, at *3–4 (N.D. Cal. May 13, 2014). The Findings and Recommendations also correctly conclude that Petitioner has not established that this bar is inadequate based on the California courts' practice of denying habeas petitions both on procedural and substantive grounds. The Supreme Court has affirmatively recognized the usefulness of this practice. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). Alternative rulings can be used for a variety of legitimate reasons, and their usage here does not by itself call into question the independence of California's procedural bars.[4]

### 2. Successor Bar

Judge Peterson correctly notes that, unlike the timeliness bar, the Ninth Circuit and Supreme Court have not squarely addressed the independence and adequacy of the successor bar. However, as stated in the Findings and Recommendations, other courts have consistently found that this bar is independent and adequate on the same grounds as those that support the independence and adequacy of the timeliness bar. *See Johnson v. Wong*, No. 95-cv-00305-TEH; 2009 WL 943937, at *2–3 (N.D. Cal. April 7, 2009) (citing *Dennis v. Brown*, 361 F. Supp. 2d 1124 (N.D. Cal. 2005) (collecting cases)); *see also Russell v. Borders*, No. 2:17-cv-02487-DMC, 2021 WL 616933, at *8-10 (E.D. Cal. Feb. 17, 2021). The logic expressed by these other courts and in the Findings and Recommendations is sound.

Petitioner has also not presented a persuasive argument for the Court to deviate from the bulk of authority that supports that the successor bar is now independent and adequate. As noted by Judge Peterson, the cases cited by Petitioner notably concerned pre-*Robbins* application of the successor bar. Cases concerning the usage of this bar before *Robbins* are not applicable, as *Robbins* changed the California Supreme Court's approach to successive petitions and

---

[4] Judge Peterson correctly notes that California's practice of not specifically identifying the exact basis for the denial of a habeas petition has been the source of confusion and consternation from many Federal Courts. (*See* FAC at 12–13.) But this does mean the usage of alternative holdings renders California's timeliness bar inadequate.

5

announced consistent application of the successor bar going forward. *Robbins*, 18 Cal. 4th at 788 n.9; *see Bennett*, 322 F.3d at 582–83 (discussing the general change in approach announced in *Robbins*). The Court thus finds that the successor bar is both independent and adequate.

### 3. *Dixon* Bar

Finally, the Court finds Judge Peterson's determination that the *Dixon* bar (the bar applied to claims that could have been raised on direct appeal but were not) is independent and adequate is also supported by the law. As with the timeliness bar, the Supreme Court has directly addressed the *Dixon* bar and found it to be adequate. *See Johnson v. Lee*, 578 U.S. 605, 609 (2016). And similar to the timeliness and successor bars, the *Dixon* bar is also independent following the issuance of *Robbins*. *See Joyner v. McEwen*, No. 12-cv-09276-R(AN), 2013 WL 5559847, at *4–5 (C.D. Cal. Oct. 8, 2013); *see also Mitcham v. Davis*, 103 F. Supp. 3d 1091, 1099–100 (N.D. Cal. 2015) (discussing the independence of the *Dixon* bar pre- and post-*Robbins* and collecting cases for both).

Based on the above, the Court finds that the presumptive application of the timeliness, successor, and *Dixon* bars as described in the Findings and Recommendations is appropriate.[5]

### B. Claims Raised and Rejected in Prior Proceedings

The Court also agrees with Judge Peterson's analysis regarding claims raised and rejected on appeal. Specifically, as to subclaim 1.E.2, the record shows that this claim, which concerns comments made by a juror during deliberations about the death of the juror's sister-in-law, was rejected by the California Supreme Court because it was raised and rejected in a prior state habeas corpus proceeding. As discussed in the Findings and Recommendations, where a claim is raised and rejected

---

[5] Judge Peterson's determination that the timeliness and successor bars should not apply to claims 1.C and 1.F is also appropriate. Respondent has not shown that the application of procedural bars against these subclaims is appropriate, given that they were fairly presented in Petitioner's first state habeas petition.

in an earlier habeas proceeding, that later state court's rejection of that claim as "raised and rejected" has no effect on the federal court's ability to conduct habeas review of that claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991).

Judge Peterson also addresses three other claims (7.B, 11, and 28) that were rejected on direct appeal because Petitioner did not raise contemporaneous objections during trial.[6] The independence of California's contemporaneous objection rule is well established. (*See* F&Rs at 27 (collecting cases).) While Petitioner does point to some instances where the contemporaneous objection rule was not applied, as noted by Judge Peterson, these cases represent exercises of discretion or exceptions that are not applicable in this case. They do not establish that the rule is applied "infrequently, unexpectedly, or freakishly . . . ." *Walker*, 562 U.S. at 320 (quoting *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir. 1990)). As such, the bar on these claims under the contemporaneous objection rule is applicable as it is independent and adequate.

**II. Cause and Prejudice**

Petitioner asserts that based on his counsel's ineffectiveness, cause and prejudice exist for the Court to decline to apply the procedural bars discussed above. "To establish 'cause' . . . the [petitioner] must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Davila v. Davis*, 582 U.S. 521, 528 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Error by counsel occurring during trial or direct appeal proceedings may constitute cause "only if that error amounted to a deprivation of the constitutional right to counsel." *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). As the Constitution does not guarantee counsel during collateral proceedings, attorney error committed during the course of habeas proceedings cannot supply cause to

---

[6] They were also rejected during subsequent habeas proceedings on the "raised and rejected" grounds discussed above. This is not itself a basis to deny federal habeas review. Instead, the Court looks at the "last reasoned state court opinion" to determine if the reasons for the state denial warrant denial of the federal habeas. *Ylst*, 501 U.S. at 803-04.

excuse a procedural default during those proceedings. *Id.* at 528–29. A narrow exception to this rule permits claims based on the ineffectiveness of counsel in collateral proceedings where the state requires that ineffective assistance of trial counsel claims be raised in collateral proceedings and those claims are procedurally barred as a result of the ineffective assistance of counsel in the collateral proceeding. *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012); *see Davila v. Davis*, 582 U.S. 521, 529 (2017).

The petitioner must also establish prejudice by "demonstrat[ing] that the underlying [ineffective assistance of counsel] claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.* at 14. "'Prejudice' requires the petitioner to show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hogan v. Bean*, 140 F.4th 1001, 1026 (9th Cir. 2025) (cleaned up) (quoting *Murray*, 477 U.S. at 494).

### A. Claim 31

Petitioner's Claim 31 is a claim in which Petitioner asserts he was denied effective assistance of counsel on appeal and during his first state habeas petition. (Pet. at 279–81.) This claim is procedurally defaulted under the timeliness bar discussed above. As discussed by Judge Peterson, Petitioner has not established cause to excuse this default, and this claim must be dismissed.

Besides the limited exception recognized by *Martinez*, the ineffectiveness of state habeas counsel does not constitute a cognizable claim. *See Davila*, 582 U.S. at 529 ("Attorney error committed in the course of state postconviction proceedings – for which the Constitution does not guarantee the right to counsel – cannot supply cause to excuse a procedural default that occurs in those proceedings." (cleaned up)). Thus, Petitioner's claim based on the ineffectiveness of habeas counsel in the first habeas proceedings is not a valid claim. Similarly, habeas counsel's errors do not constitute cause to excuse procedural defaults barring a petitioner from raising an

8

ineffective assistance of appellate counsel claim. The limited exception recognized in *Martinez* is limited to claims related to the ineffectiveness of trial counsel and does not apply to claims concerning the effectiveness of appellate counsel. *Id*. Thus, Petitioner's claim as to the ineffectiveness of appellate counsel is barred as untimely, and Petitioner's argument for cause is precluded by the Supreme Court's decision in *Davila*.

Given the above, regardless of whether Petitioner is asserting claims of ineffectiveness against appellate counsel, habeas counsel, or both, as a matter of law, these claims are either not cognizable or cannot be excused from procedural default.

**B. Defaults Purportedly Excused by Habeas Counsel's Errors**

As an initial matter, the Findings and Recommendations recommend deferring a determination of cause and prejudice for certain claims (1.A, 1.D, 5.A, 5.B, 5.C, 5.E.1, 5.F.2, 5.F.4, 5.N, 19.B, and 27) until upcoming requests for evidentiary hearing are resolved. In light of Petitioner's representations as to these claims, the Court agrees and adopts this recommendation. Summary judgment is denied without prejudice as to these claims.

For the remaining claims concerning the effectiveness of habeas counsel (1.E.2, 2.A, 2.B, 2.C, 2.D, 2.E, 3, 4, 5.D, 5.G, 5.H, 5.I, 5.K, 5.L, 5.M, 5.O, 6.C, 7.A, 7.C, 7.D, 9, 10.A, 19.C, and 21.B), Judge Peterson found that the record did not establish that there was cause or prejudice for the procedural defaults in question. On the issue of cause, Judge Peterson found that "[t]he state-court record does not supply the evidence necessary to show that state habeas corpus counsel was deficient under *Strickland*[.]" (F&Rs at 35.) Petitioner has not made any argument that the requirements of section 2254(e)(2) are met or that future evidentiary development would help resolve the cause and prejudice analysis. (*See* Opp'n at 52.) Thus, in assessing whether there was cause for the default, the Court is limited to the facts in the state court record. *See Shinn v. Ramirez*, 596 U.S. 366, 382 (2022) ("We now hold that, under § 2254(e)(2), a federal habeas court may not conduct an evidentiary

hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel.").

Petitioner has not met their burden to establish cause based on the state court record before the Court. Establishing cause requires that Petitioner show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 582 U.S. at 528 (internal quotation omitted) (quoting *Murray*, 477 U.S. at 488). Within Claim 31 of the Petition, Petitioner asserts habeas counsel was rendered ineffective by limitations on the funding of investigations placed by the California Supreme Court. (Pet. ¶ 784.) But as aptly identified by Judge Peterson, the evidence in the state court record does not support that the funding of investigations was actually an impediment to bringing these claims, as they are either based solely on the trial record or information that was otherwise available to state habeas counsel at the time of the first state habeas proceedings. (*See* F&Rs at 35-36.) Petitioner does not identify any further location where the state court record provides support for cause to excuse the procedural default for these claims. Notably, in objecting to the now vacated initial Findings and Recommendations, Petitioner noted a number of claims for which the determination of cause and prejudice could be made based on the development of future evidence. (*See* ECF No. 98 at 2–18.) Petitioner made no similar representations as to these remaining claims. (*See id.*)

Judge Peterson also found a lack of prejudice as to these remaining claims. This determination was made based centrally on the fact that "the record contains no argument as to the merit of any of these claims and subclaims, and petitioner does not direct the court to any evidence in the record that demonstrates these claims' and subclaims' merit." (F&Rs at 36.) The Court finds that this determination was appropriately supported by the record and proper analysis.

Accordingly, the Court adopts the Findings and Recommendations and finds that Petitioner has not met their burden to show cause and prejudice to overcome the

10

procedural defaults as to claims and subclaims 1.E.2, 2.A, 2.B, 2.C, 2.D, 2.E, 3, 4, 5.D, 5.G, 5.H, 5.I, 5.K, 5.L, 5.M, 5.O, 6.C, 7.A, 7.C, 7.D, 9, 10.A, 19.C, and 21.B.

### C. Defaults Purportedly Excused by Appellate Counsel's Errors

The Court concurs with Judge Peterson's determination that Petitioner has failed to establish cause via appellate counsel's deficient performance so as to excuse the application of the *Dixon* bar to claims 3, 4, 7.A, 7.C, 7.D, 9, 10.A, and 21.B. Petitioner has not argued that the requirements of section 2254(e) are met, and nothing in the state court record establishes cause. As a result, Petitioner has not met the requirements to excuse the procedural default of these claims.

### D. Defaults Purportedly Excused by Trial Counsel's Errors

The Court also agrees with the recommendation of Judge Peterson as to those defaults allegedly caused by the ineffectiveness of trial counsel. As the Findings and Recommendations note, the state court record <u>does</u> provide some support for the assertion that trial counsel was ineffective in connection with some of Petitioner's claims. Because of the overlap of evidence relevant to underlying questions of trial counsel's ineffectiveness and the cause and prejudice analysis for claims 7.B, 11, and 28, the Court will deny the Motion for Summary Judgment without prejudice as to those claims.

### III. Fundamental Miscarriage of Justice

Petitioner finally argues that the Court should review his claims on the basis that his case falls within "the narrow class of cases implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (cleaned up) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The Supreme Court has recognized that "[i]n appropriate cases . . . the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." *House v. Bell*, 547 U.S. 518, 536 (2006) (internal quotations and citations omitted) (quoting *Murray*, 477 U.S. at 495). To fall within this limited exception, the petitioner has the burden to show that "more likely than not, in light of

11

the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Id.* at 538.

Petitioner's argument that his case falls within this "narrow class of cases" mainly rests on evidence related to the testimony of Zelma Cureton. (Opp'n at 58-61.) At trial, Cureton testified about her encounter with two men who boasted about killing two women. The description given by these two men at least roughly matched the description of the deaths for which Petitioner was convicted. *People v. Holloway*, 33 Cal. 4th 96, 108 (2004). The newly presented evidence that Petitioner argues constitutes a fundamental miscarriage of justice is largely evidence that bolsters the reliability of Cureton's testimony. (Opp'n at 60.) In addition to evidence related to Cureton's testimony, Petitioner also contends that evidence regarding the possible third-party culpability of Lance Reedy, rebutting the persuasiveness of physical evidence utilized by the prosecution, and concerning Petitioner's organic brain damage resulting from his alcoholism, was not presented at trial. (*Id.* at 61.)

While Petitioner has noted some evidence that was not presented to the jury, a key consideration is whether Petitioner's claim is "credible" within the meaning of the miscarriage of justice analysis. To be credible, the claim must be supported by new reliable evidence, meaning "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" *Schlup*, 513 U.S. at 324. The evidence here does not fall into that description of reliability. Certainly, the evidence Petitioner could use the indicated evidence to support his claim of innocence to a jury, but that alone does not place this evidence into the category of reliability required to establish that Petitioner's claim is credible.

Moreover, Petitioner has not met his burden to establish that, if this evidence had been presented to a jury, it would be "more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. The evidence noted by Petitioner supports alternative theories of third-party culpability and undercuts the

12

reliability of some of the prosecution's evidence. But it does not swing the scales so greatly to meet the high standard necessary. In the case of Petitioner's most persuasive argument for third-party culpability, the theory of the involvement of the two men encountered by Zelma Cureton, the jury heard Cureton testify at trial about these events. This theory was presented to the jury. The newly presented evidence in connection with Cureton is merely evidence providing support for the reliability of Cureton's testimony. Coupled with the evidence introduced at trial as to Petitioner's guilt, it does not establish that it is more likely than not that any juror would have a reasonable doubt.

Accordingly, the Court finds that the application of the procedural bars is not a fundamental miscarriage of justice.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued July 31, 2024 (ECF No. 100) are ADOPTED IN FULL;
2. Respondent's Motion for Summary Judgment (ECF No. 56) is DENIED without prejudice as to claims 1.A, 1.C, 1.D, 1.F, 5.A, 5.B, 5.C, 5.E.1, 5.F.2, 5.F.4, 5.N, 7.B, 11, 19.B, 27, and 28 of the Petition for Writ of Habeas Corpus; and
3. Respondent's Motion for Summary Judgment (ECF No. 56) is GRANTED as to claims 1.E.2, 2.A, 2.B, 2.C, 2.D, 2.E, 3, 4, 5.D, 5.G, 5.H, 5.I, 5.K, 5.L, 5.M, 5.O, 6.C, 7.A, 7.C, 7.D, 9, 10.A, 19.C, 21.B, and 31 of the Petition for Writ of Habeas Corpus.

////
////
////
////
////

4. This matter is referred back to the assigned Magistrate Judge for further proceedings.

Dated: September 26, 2025                /s/ Daniel J. Calabretta
                                         THE HONORABLE DANIEL J. CALABRETTA
                                         UNITED STATES DISTRICT JUDGE